NORMAN M. CLAPP, Secretary, Department of Transportation
I am in receipt of your recent letter concerning the duties of your department as to state employes, covered by the Hatch Act, who request leaves of absence pursuant to sec. 16.35 (2) and (4), Stats.
The Hatch Act prohibits an officer or employe of a state, who is principally employed in connection with a federally financed activity, from taking an active part in political management or in political campaigns. 5 U.S.C. secs. 1501, 1502. It has long been the policy of the United States Civil Service Commission that these prohibitions apply to employes even while on leave without pay. Pamphlet 20, Political Activity of Federal Officersand Employees, at p. 8, reads:
 "An employee who is subject to the basic political-activity prohibitions while on active duty is subject to them while on leave with pay, leave without pay, or furlough, and incurs the same penalties for an offense committed while in leave or *Page 218 
furlough status as for an offense committed while on active duty." Quoted in Montgomery, et al., 3 P.A.R. 45 (1970).
If the United States Civil Service Commission finds that a state employe, covered by the Hatch Act, has violated the Act and that this violation warrants removal, the Commission may not order the employe's removal as it could with a federal employe. The Commission may, if the state has not removed the employe within 30 days of notice of violation, certify to the appropriate federal agency an order to withhold from its loans or grants to the state an amount equal to two years' pay at the rate the employe was receiving at the time of the violation.
This federal policy, to prohibit all partisan political activity by "Hatched" state employes, runs contrary to the state policy set forth in sec. 16.35 (2) to (5). These subsections encourage political activity by state employes who take leave without pay. Section 16.35 (2) states that an employe who wishes to run for a partisan political office "shall be given a leave of absence for the duration of the election campaign." Section 16.35 (4) states that an employe "may be granted . . . a leave of absence to participate in partisan political campaigning."
The "Hatch Act" has just recently been upheld as not "unconstitutionally vague or fatally overbroad" in the important case of United States C. Serv. Com'n. v. National Ass'n of Let.Car., 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973). There is no question at this point but that the prohibitions of the Hatch Act, in its regulation of the partisan political activities of covered employes, is a valid exercise of congressional power.
In the Letter Carriers case, supra, the Supreme Court discusses the balancing of interests that must take place in the political participation area. At 93 S.Ct. 2890, the Court states:
 "But as the Court held in Pickering v. Board of Education, 319 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968), the government has an interest in regulating the conduct and `the speech of its employees that differ[s] significantly from those it possesses in connection with regulation of the speech of the citizenry in general. The problem in any case is to arrive at a balance between the *Page 219 
interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the [government], as an employer, in promoting the efficiency of the public services it performs through its employees.' Although Congress is free to strike a different balance than it has, if it so chooses, we think the balance it has so far struck is sustainable . . ."
Wisconsin has recently struck a different balance from the federal government in considering its interests as an employer and its employes' interests in partisan political participation. Section 16.35 (2) to (5) was created in ch. 270, Laws of 1971. Before that time, there was nothing in the statutes that allowed employes leaves of absence to engage in partisan political activities. With ch. 270, Laws of 1971, state employes were in effect encouraged to engage in such activities by allowing leaves without pay to do so.
The issue presented by your request is whether a state agency may adopt a policy that proscribes partisan political activity to state employes covered by the Hatch Act even though the legislature approves of such conduct when the procedures of sec. 16.35 (2) and (4) are followed. It is my opinion that an agency may not adopt such a policy.
In rendering this opinion, I am cognizant of the potential loss of federal funds if covered employes are found in violation and the violation warrants removal. I am also aware of the case ofWisconsin State Emp. Ass'n. v. Wisconsin Nat. Resources Bd. (W.D. Wis. 1969), 298 F. Supp. 339. In this case, a state agency formulated a policy prohibiting partisan political participation by its employes. This policy went beyond the proscriptions of then sec. 16.30 [now 16.35 (1)], Stats. The case, however, involved an employe, still in active state service, running for office and was before the enactment of sec. 16.35 (2) to (5), allowing leaves of absence for such activity. The critical factor is that, since this case was decided, the legislature has formally redefined the balance between an agency's interests and the employe's interests by specifically allowing leaves of absence for such activity. A similarly situated employe today certainly may take leave to run for office and no policy of an agency could be upheld that allowed for his discharge because of it.
I do not see any distinction in sec. 16.35 between employes covered by the Hatch Act and those that are not. It should be noted, however, *Page 220 
that only leaves of absence granted under sec. 16.35 (2), to employes who wish to run for partisan political office must be mandatorily given. The giving of leaves of absence under 16.35 (4) to participate in partisan political campaigning are discretionary with the appointing authority. The appointing authority in this latter area surely has the right to deny such leave on the grounds that the receipt of federal funds would be placed in jeopardy.
RWW:SJN